# IN THE COURT OF APPEALS OF IOWA

No. 18-0524
Filed July 3, 2019

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**EDUARD NICKOLAS LESTER,**
 Defendant-Appellant.
_____

Appeal from the Iowa District Court for Story County, Adria A.D. Kester, Judge.

Eduard Lester appeals his sentences for two counts of robbery and two counts of burglary. **SENTENCES VACATED IN PART. REMANDED FOR RESENTENCING.**

Mark C. Smith, State Appellate Defender, (until withdrawal) and Martha J. Lucey and Brenda J. Gohr, Assistant Appellate Defenders, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., May, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**CARR, Senior Judge.**

Eduard Lester appeals his sentences for two counts of robbery in the second degree and two counts of burglary in the first degree. *See* Iowa Code §§ 711.3, 713.3 (2017). He appeals the provisions of his sentences that impose: fines for his robbery charges without suspending the fines, consecutive sentences, court costs and attorney fees, and law enforcement initiative surcharges. We find the court did not abuse its discretion in imposing the fines or in running his sentences consecutively. However, the court erred in imposing costs and fees without evaluating his reasonable ability to pay and in imposing law enforcement initiative surcharges for his robbery charges without statutory authorization. Therefore, we vacate his sentences in part and remand for resentencing.

## I.     Background Facts and Proceedings

On January 16, 2018, Lester pled guilty to four separate counts contained in FECR055820 and FECR055930. In FECR055820, he pled guilty to committing burglary in the first degree and robbery in the second degree at an Ames address on July 24, 2017. In FECR055930, he pled guilty to committing burglary in the first degree and robbery in the second degree at a Nevada address on July 31, 2017. The parties entered into a plea agreement as part of the plea. For each burglary charge, the parties agreed to recommend a term of incarceration not to exceed twenty-five years plus costs, fees, and restitution. For each robbery charge, the parties agreed to recommend a term of incarceration not to exceed ten years and a $1000 fine, suspended, plus costs, fees, and restitution. The parties also agreed to recommend running the terms of incarceration for each burglary charge concurrently with each related robbery charge, with the total terms of incarceration

for FECR055820 and FECR055930 run consecutively. On February 26, the court entered the sentencing order, which includes the following provisions: terms of incarceration as described in the plea agreement; a $1000 fine for each robbery charge, not suspended; "restitution in an amount to be determined at a later time" for each charge; and "a $125 law enforcement initiative surcharge" for each charge. Lester appeals.

## II.     Standard of Review

When a sentence is within the statutory limits, we review the sentence for abuse of discretion. *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015). "[A] district court did not abuse its discretion if the evidence supports the sentence." *Id.* at 553. When the defendant claims the sentence is outside the statutory limits, we review the sentence for correction of errors at law. *Id.*

## III.     Fine for Robbery

Lester argues the district court erred in imposing, but not suspending, a fine for each robbery charge. He specifically argues the court erroneously believed it had no authority to suspend his fines. Our supreme court has not ruled on whether a trial court has authority to suspend the fine for a forcible felony. If there is no such authority, his argument must fail. However, regardless of whether the court had the authority to suspend his fines, the sentencing transcript shows the court considered and declined to suspend the fine for each robbery charge, on the merits, without citing any perceived lack of authority. Therefore, we assume the court had authority to suspend his fines and review imposition of the fines for abuse of discretion. *See id.*

For robbery under FECR055820, the court said:

> [Lester] will be assessed a fine in the amount of $1000, with a 35% surcharge. I have considered your request to suspend the fine and the surcharge, however, that will be denied. You are a relatively young man. Even though you're going to prison, I do believe that that should be assessed as part of your punishment.

For robbery under FECR055930, the court again imposed a fine and said, "I have considered your request to suspend the fine and surcharge in this case and I do not think that's appropriate."

A sentencing court must "state on the record its reason for selecting the particular sentence." Iowa R. Crim. P. 2.23(3)(d). "While the rule requires a statement of reasons on the record, a 'terse and succinct' statement may be sufficient, 'so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion.'" *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) (quoting *State v. Johnson*, 445 N.W.2d 337, 343 (Iowa 1989)). The court's statements at sentencing show the court, even if it had authority to suspend Lester's fines, declined to suspend the fines for robbery due to his age and the seriousness of the offenses. Therefore, assuming the court had discretion to suspend Lester's fines for robbery, we find the court did not abuse its discretion in declining to do so.

## IV. Consecutive Sentences

Lester argues the district court abused its discretion by running the sentences for FECR055820 and FECR055930 consecutively and failing to provide adequate reasons for doing so. At the sentencing hearing, the court said:

> I do think that a consecutive sentence is appropriate based on several factors. One being your criminal history. You are a young person but certainly old enough to know better. You were on

probation at the time these offenses occurred. I also think that due to the nature of the offenses themselves that a consecutive sentence is appropriate.

In determining your sentence, again, I have considered your age; your prior criminal record; I've considered your employment history that's outlined in the pre-sentence investigation; I've considered your family history, and your circumstances in determining what sentence would be appropriate. I've also considered your need for rehabilitation and the need to protect the community from further offenses by you.

The written sentencing order also states:

The Court grants this sentence because it provides for Defendant's rehabilitation and the protection of the community. The Court has considered the sentencing recommendation of the parties and the circumstances of the case, including the criminal history, age, employment, and other circumstances pertaining to Defendant.

Regarding "the sentencing recommendation of the parties," we note Lester and the State in the plea agreement jointly recommended running the sentences for FECR055820 and FECR055930 consecutive with each other.

We find the district court adequately explained its reasons for running the sentences for FECR055820 and FECR055930 consecutive with each other, and it did not abuse its discretion in imposing consecutive sentences. Lester also asks that we require the sentencing court, in addition adequately stating its reasons, to elaborate how its selected factors or reasons achieve the legislatively mandated sentencing goals of rehabilitation and protection of the community under Iowa Code sections 901.5 and 907.5. We decline to impose such a requirement, awaiting guidance from our supreme court.

## V.     Restitution

Lester argues the district court erred by imposing restitution before evaluating his reasonable ability to pay. In the sentencing order, the court imposed

restitution and noted the amount of restitution would "be determined at a later time." After the parties submitted their briefs to us, our supreme court issued *State v. Albright*, 925 N.W.2d 144, 162 (Iowa 2019), which held sentencing courts "must wait to enter a final order of restitution until all items of restitution are before the court." Because the district court did not follow this procedure, we vacate Lester's sentences regarding restitution and remand for consideration of his reasonable ability to pay with all items of restitution before the court.

### VI.    Law Enforcement Initiative Surcharge

Finally, Lester argues the district court erred in imposing a law enforcement initiative surcharge for each robbery charge. The law enforcement initiative surcharge is authorized for only certain offenses. *See* Iowa Code § 911.3(1). While the court properly imposed the surcharge for burglary under chapter 713, the court had no authority to impose the surcharge for robbery under chapter 711. *See id.* The State concedes the error. Therefore, we vacate that part of his sentence imposing a law enforcement initiative surcharge for his robbery offenses.

### VII.    Conclusion

We find no abuse of discretion in the district court's decision to impose, but not suspend, fines for Lester's robbery charges and in running his sentences for FECR055820 and FECR055930 consecutively. However, the court erred in imposing costs and fees without determining his reasonable ability to pay and in imposing law enforcement initiative surcharges for his robbery charges. Therefore, we vacate the parts of his sentences regarding costs and fees and the law

enforcement initiative surcharges for his robbery charges, and we remand for resentencing.

**SENTENCES VACATED IN PART.  REMANDED FOR RESENTENCING.**